## 50623. JOHNSON et al. v. EIDSON et al.

Evans, Judge.

Albert and Margaret Eidson filed their petition to adopt their two minor grandchildren, without the consent of the natural parents, Lewis and Jimmy Lynn Johnson. The natural parents filed objections to the proposed adoption. One of the children died after the petition was filed, and the petition proceeded for adoption of the remaining child.

The grandparents contend the natural parents have abandoned the child and that they have temporary custody of the child by reason of an order of the juvenile court finding the child in a condition of neglect; that the parents are unfit and not proper persons and that petitioners are therefore entitled to adopt said child.

The natural parents objected, and contended that they had done nothing to voluntarily waive their parental rights.

After a hearing the lower court found as a matter of fact that the natural parents of said child are not morally fit to have custody and control; that the maternal grandparents are morally fit and financially able and worthy to care for said child; that the adoption is for the best interest of said child; and that the natural parents have waived their parental rights over said child.

The conclusion of law was that the adoption proceedings had been fully complied with and the adoption of said child was made final. The natural parents appeal. *Held:*

1. The adoption statute, Code Chapter 74-4, as amended, is in derogation of the common law and must be strictly construed and followed.

2. Consent of the living parents was not given under Code Ann. § 74-403 (1). Hence, before the court could find against the natural parents, it was required to find the child had been abandoned or that parental custody had terminated. See Code Ann. § 74-403 (2). Under the last cited statute this could have been determined "where such a parent has had his or her parental rights terminated by order of a juvenile court or other court of competent jurisdiction." But here the juvenile court had granted only temporary custody to the grandparents.

3. Code Ann. § 74-414 provides that if the court is satisfied that the natural parents have abandoned the said child, "or are morally unfit to retain custody of said child," and the petitioners are otherwise qualified to adopt the child, and the adoption requested is for the best interests of the child, it shall enter an order granting custody to the petitioners. Thus "moral unfitness" has been introduced into the adoption statutes as grounds of abandonment.

The court here found the natural parents to be morally unfit to have custody and control of the child. The evidence submitted to show the parents were morally unfit to have custody of the child was the admitted advertisement of the naked natural mother in a sex magazine catering to "Gals, Couples and Gays," and stating: "Attractive young couple, ages 21, would like to have sex relations with other couples up to 26. No hippies, drug users, or way outs . . ." Also there were introduced into evidence several personal letters from the husband to his wife (the natural mother and father), suggesting abnormal sexual activity and that she become a prostitute, and an abnormal picture which was found by the maternal grandparents. See in this connection Code Ann. §§ 26-2003 and 26-2013 as to solicitation of sodomy and pimping. The advertisement and the letters were admitted by the natural parents to be true, but both denied knowledge as to the existence of the other abnormal photograph. The letters were not public knowledge, but were written to his wife while the

husband was in service. In addition the fatherhood of another child was of somewhat questionable nature. This evidence was amply sufficient to create an inference of moral unfitness of the natural parents, and in fact almost demanded such a finding. Under Code Ann. § 74-414 the trial judge was authorized to award permanent custody to the grandparents and to authorize final adoption of the child by said grandparents.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 19, 1975 — REHEARING DENIED JULY 3, 1975 —

*Mattox & Baldwin, A. Quillian Baldwin, Jr.,* for appellants.

*James E. Weldon, H. J. Thomas, Jr.,* for appellees.